**ERNEST THOMPSON, Appellant**

**v.**

**NATIONAL PACIFIC INSURANCE, Appellee**

High Court of American Samoa
Appellate Division

AP No. 25-90

March 12, 1992

Before RICHMOND, Associate Justice, GOODWIN,* Acting Associate Justice, MUNSON,** Acting Associate Justice, AFUOLA, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Appellant, Ellen A. Ryan
 For Appellee, John L. Ward II

GOODWIN, J.:

 Ernest Thompson appeals from summary judgment in favor of National Pacific Insurance (NPI) denying coverage for damage resulting

---

* Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Mariana Islands, serving by designation of the Secretary of the Interior.

to Thompson's pickup, which was driven by Thompson's intoxicated brother without Thompson's consent.

Thompson is the owner of a pickup truck which was insured by NPI. While visiting the island, Thompson's brother took the pickup truck without Thompson's knowledge and became involved in a single vehicle collision. Thompson's brother was cited and convicted of driving under the influence of alcohol and operating a vehicle without a valid driver's license. NPI denied coverage based on the following exclusionary clause in the policy:

THIS POLICY DOES NOT COVER --

4. Loss damage liability and/or compensation for damage *** caused whilst the Motor Vehicle --

(a) is being driven by *** any person under the influence of intoxicating liquor or of any drug provided that this exclusion shall not apply to indemnity and/or insurance provided on behalf of any other person or party if such other person or party proves that he did not consent to the Motor Vehicle being driven by or being in charge of the person when such person was under the influence of intoxicating liquor or of any drug.

The parties filed cross motions for summary judgment. There is no substantial dispute about the facts.

This court reviews a grant of summary judgment de novo, in the light most favorable to the non-moving party, to determine whether the trial court correctly found that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. Water West, Inc. v. Entek Corp., 788 F.2d 627, 628-29 (9th Cir. 1986); Kraus v. County of Pierce, 793 F.2d 1105, 1106-07 (9th Cir. 1986), cert. denied, 480 U.S. 932 (1987).

The court construed the exclusionary clause of the policy as excluding property-damage coverage to any vehicle driven by a person under the influence of alcohol, whether or not the insured consented to

86

that individual driving the insured vehicle.

On appeal Thompson contends that the exclusionary clause is subject to two interpretations, and accordingly, must be construed in favor of the insured. Gustin v. Sun Life Assurance Co. of Canada, 152 F.2d 447 (6th Cir. 1946); Boal v. John Hancock Mutual Life Insurance Co., 27 N.E.2d 555 (Ill. 1940).

Thompson suggests that an alternative interpretation of the exclusionary clause is that coverage will be found where the insured can prove that he did not consent to the use of the vehicle by the intoxicated driver.

The meaning of the exclusionary clause is neither ambiguous nor subject to dual interpretation. The plain meaning of "other person or party" as used in the policy refers to third persons. By definition, an "other person or party" excludes the insured. The term "insured" is used throughout the policy. The "insured" and "the Company" are defined in the opening clause of the policy as the parties to the contract of insurance.

Words used in a contract shall be given the meaning that common speech imports. Aschenbrenner v. United States Fidelity & Guaranty Co., 292 U.S. 80, 85 (1934). As cited by NPI:

> If there is no real doubt about what the parties to a contract intended, the rules of construction cannot be used to extend coverage beyond that reasonably and legitimately implied from the policy. The intent of the parties, if evident, must be enforced, and equitable considerations will not be employed to rewrite the terms of policy.

Fried v. North River Ins. Co., 710 F.2d 1022, 1025-26 (4th Cir. 1983). Despite Thompson's protestations, language specifically excluding the insured is not necessary to clarify the plain meaning of the clause "other person or party."

Thompson next contends that the phrase "consent to the motor vehicle being driven or being in the charge of the person" requires that the insured give consent to the vehicle being driven by another. Under this argument, the lack of consent by the insured would result in a type of coverage that the insurer did not agree to write.

87

The trial court did not err in construing the exclusionary policy as limiting coverage to Thompson based on the fact that Thompson's brother was intoxicated, whether or not Thompson consented to the use of the pickup by his brother.

The intent of the policy to exclude property damage coverage for the insured's auto to intoxicated drivers is evident. This court declines to rewrite the terms of the contract. The judgment of the trial court is AFFIRMED.